FILED
DEC - 6 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:17CR570 AGF/DDN |
| | ) |
| THOMAS H. VOGT, | ) |
| | ) |
| Defendant. | ) |

**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

1. Beginning in 2013 and continuing into 2015 (the "relevant time period"), Defendant Thomas H. Vogt was employed by an individual whose initials are N.P. at N.P.'s restaurant in the City of St. Louis and at N.P.'s farm and inn in Pike County, Missouri within the Eastern District of Missouri.

2. Defendant worked on various projects for N.P. and his duties included, among other things, purchasing supplies for N.P.'s businesses.

3. During the relevant time period, Defendant legitimately purchased hundreds of thousands of dollars in supplies and equipment.

4. It was the accepted practice of Defendant while employed by N.P. to either present invoices for purchases for payment directly by N.P. or to seek reimbursement for expenses incurred in the first place by Defendant on behalf of N.P.

5. At some point beginning by March 25, 2014 and continuing through at least February 9, 2015, Defendant would sometimes both present invoices for expenses and

subsequently seek reimbursement for those same expenses from N.P. even though Defendant had not personally incurred any expenses. In doing so, Defendant caused N.P. to pay twice for a single expense, once to the vendor and once to Defendant.

6. During this time period, Defendant collected numerous checks from N.P. for bogus expense reimbursements as set forth above in the State of Missouri and deposited the proceeds in his bank in the State of Illinois.

7. Between on or about March 25, 2014 and continuing through on or about February 9, 2015, with the exact dates unknown, in the City of St. Louis and Pike County within the Eastern District of Missouri and elsewhere, the Defendant

### THOMAS H. VOGT,

did knowingly transfer $5,000 or more in stolen and fraudulently obtained money rightfully belonging to N.P.

In violation of Title 18, United States Code Section 2314.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of the offense as set forth in Count One, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. If any of the property described above, as a result of any act or omission of the

defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney